# R. L. Matthews *v.* J. H. Rising, Appellant.

*Appeals—Amount, Jurisdiction, Supreme and Superior Courts—Act of May* 5, 1899.

The Supreme Court has no jurisdiction of an appeal from a judgment on a case stated in an action of ejectment where there is no certificate by the trial judge that the value of the land is greater than $1,500, as required by the Act of May 5, 1899, P. L. 249, sec. 4. An agreement in the case stated that the right of appeal be reserved, and that the value of the premises exceeds the value of $1,000, is not the legal equivalent of the jurisdictional certificate. Such an appeal will be remitted to the Superior Court.

Submitted Nov. 3, 1899. Appeal, No. 195, Oct. T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1899, No. 224, on case stated. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Case remitted to Superior Court.

Case stated in action of ejectment. Before KENNEDY, P. J.

*Error assigned* was in entering judgment for plaintiff on case stated.

The record on appeal failed to disclose any certificate by the trial judge of the value of the property.

*Wm. A. Stone*, with him *W. P. Potter* and *H. E. Lineaweaver,* for appellant.

*George Shiras, 3d*, with him *C. C. Dickey* and *W. K. Shiras;* for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Dec. 30, 1899 :

This appeal from the judgment in ejectment entered against the defendant on the case stated was submitted by counsel without oral argument.

On inspection of the record it appears in limine that we have no appellate jurisdiction of the case. It contains no such certificate of the trial judge as is prescribed and required by the amendatory act of May 5, 1899, which has been in force since the first of July last. Section 4 of that act, P. L. 249, provides as follows : " In actions of ejectment, legal or equitable, . . . . the judge hearing the case shall certify whether the value of the land, or of the interest, or of the property really in controversy is greater that $1,500, and his certificate shall be conclusive proof of such value for the purposes of this act." In the concluding paragraph of the case stated both parties " reserve the right of appeal and agree that the value of the premises in dispute exceeds the value of one thousand dollars ($1,000)." No such agreement as this can be regarded as the legal equivalent of the jurisdictional certificate prescribed and required by the terms of the act; but if it were otherwise, the agreement of the parties as to the value of the premises in dispute would show that this Court has no jurisdiction of the case except to remit it for hearing and determination to the Superior Court, where according to their valuation of the premises it properly belongs.

It is therefore ordered that the above entitled case be remitted at appellant's expense to the Superior Court for hearing and determination.