## Pontius v. Walls.

*Partnership—Real estate—Tenants in common—Deed.*

Where real estate occupied by a partnership consisting of two members is owned as follows, one undivided third by one partner, a second undivided third by the other partner, and the remaining third by the two partners as partnership property, and subsequently a new firm is formed by the addition of another person to whom is given a one-ninth interest in the partnership business, and to whom is conveyed a one-ninth interest in the real estate, the real estate belongs to the three partners as tenants in common, and is not a partnership asset.

Argued May 8, 1899.    Appeal, No. 266, Jan. T., 1898, by plaintiff, from judgment of C. P. Union Co., March T., 1896, No. 119, on verdict for defendant, in case of Emanuel Pontius v. William C. Walls and J. Johnson Walls.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Ejectment for lot of land in the borough of Lewisburg.    Before McCLURE, P. J.

The facts appear by the charge of the court which was as follows :

In this case Emanuel Pontius, the plaintiff, seeks to recover the possession of a half lot of land situate on Market street, in this borough, on which is erected a store and other buildings, with a warehouse at the rear. Many years ago John and Johnson Walls were in business in this town as the firm of J. & J. Walls ; they purchased this property from Thomas Howard, who, on May 18, 1850, made a deed that conveyed to each of them, an undivided half of the property, so that in 1850, this title was in John and Johnson Walls as tenants in common. Afterwards William M. Van Valzah became interested in the firm and a deed was made by John Walls and Johnson Walls and wife to John Walls, J. C. Smith and William M. Van Valzah. It seems that J. C. Smith had been clerking there and finally became interested in the firm, and Johnson Walls retired. This conveyance was made by John and Johnson Walls to these three men as tenants in common, each owning the undivided third in this property. Mr. Van Valzah retired from the firm and, in 1864, on the 19th of July, he made a deed to John Walls and John C. Smith, trading as Walls & Smith, for all his interest in the land in dispute. This deed was placed on record on July 25, 1864. William Van Valzah went out of the mercantile business at that time and John Walls & Company were succeeded by Walls & Smith. This conveyance of whatever interest Mr. Van Valzah had was made to John Walls and John C. Smith as partners, thereby vesting whatever this was in these men as partnership property and not as tenants in common. In this deed was a recital that this was the same piece of ground that John Walls and Johnson Walls, by their indenture dated August 17, 1859, conveyed in fee simple to John Walls, Johnson Walls and William Van Valzah as partners. That was a misrecital. In truth it was conveyed to them as tenants in common, each taking the undivided third. This deed went upon the records of this county and it would show, to a person looking at it, that this one-third interest, or whatever it was that Van Valzah had, had passed to these two men, Walls and Smith, as partnership assets and would be liable for partnership debts. Thus matters stood in July, 1864; then Van Valzah, as I have said, retired and this

conveyance was made. Afterwards, in November of this same year, Mr. G. W. Walls secured an interest in the firm of Walls & Smith. The firm of Walls & Smith, composed of John Walls and John C. Smith, did business from July until November. This business was carried on in the building which is now in dispute. It was used for partnership purposes. [John Walls owned the undivided third and John C. Smith owned the undivided third, and the other interest was owned by the two partners trading as Walls & Smith. G. W. Walls, as I have stated, was taken in and a new partnership formed of Walls, Smith & Company; John Walls retained four-ninths interest. Mr. Smith retained a four-ninths interest and G. W. Walls was given a one-ninth interest in the partnership business. A conveyance was made to G. W. Walls of an undivided one ninth of this property, so that he held it as a tenant in common, not as a partnership asset, but as a tenant in common with John Smith and John Walls.] When the firm of Walls & Smith was dissolved, by taking in the new partner, this interest of Van Valzah which was in these two men as partnership property, upon the dissolution of that firm, when it had performed its function as partnership property, resumed the character of real estate again. That is, land is naturally real estate and it can only be by some agreement that will convert it into personal property. On the dissolution of this firm this land reverted to its natural character and was real estate again, so that these men owned that land, we instruct you, as tenants in common. It was liable for their own debts and liable for the debts of the firm, but the debts of the firm would come in after the individual debts of these men. This property was held when Walls, Smith & Company started in business as follows: John Walls owned the undivided four ninths, John Smith four ninths, and G. W. Walls one ninth. It seems they went out of the mercantile business in 1871, but still continued their grain trade, and this store building was always treated by them as Walls, Smith & Company's property. They rented as such, it was assessed as such, taxes paid upon it and repairs and improvements made upon it as such. It was theirs in this, that the three men owned the land, but they owned it as tenants in common. Mr. Pontius and several other people who were creditors of this firm brought suit against the surviving

members, John Walls having died, recovered judgment and the property was sold as a partnership asset. Mr. Pontius became the purchaser. He obtained whatever interest the partnership had in the property. But there were other debts these men owed as individuals, that of the Union National Bank against G. W. Walls, and the same institution against John C. Smith. This creditor levied upon their individual interests and sold them before the sale to Pontius and John W. Bucher became the purchaser of the interests of John Smith and G. W. Walls. So we have here two sheriff's sales, the plaintiff claiming under the partnership, and the defendants setting up an outstanding title in John W. Bucher, which they contend is superior to that of the plaintiff. [We instruct you · that this was individual property and a prior sale of the individuals' property, on a judgment against them, passed the better title to John W. Bucher.] When a man is in possession of a property and an action of ejectment is brought against him, he can set up an outstanding title, and if it is better than the one the plaintiff has urged, the verdict should be in favor of the defendant. The reason for this is apparent where a claim for mesne profits is made, because were it not so the defendant would be obliged to pay rent to two different parties.

It is urged here that there has been such conduct on the part of the defendants as to estop them from setting up a title in John W. Bucher. We do not think so. To be sure W. C. Walls made affidavit that Walls, Smith & Company owned the property, or rather, in his answer to a bill in equity he admitted the allegation in the fourth paragraph of that bill, which was that it belonged to them ; but he afterwards gave notice to the plaintiff, before the sheriff's sale, that the firm did not own the property and that it belonged to the individual members. It may be somewhat confusing to have the individual property spoken of as Walls, Smith & Company's property, and many people may have been misled by it, and the partners themselves would not be permitted to gainsay it as against persons who had extended credit on the strength of their representations. [But as between individuals and partnership creditors what they say does not make the truth. The truth lies in the title, and to convert real estate into personal property a conveyance should be placed on record showing to all the world that the

land was so held by the partners and liable for partnership debts. That not having been done, we instruct you, if you believe these records to be as they are, and we know of no reason why you should not, you will render a verdict in favor of the defendants in this case.]

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was (10) portions of charge as above, quoting it.

*J. Thompson Baker* and *Samuel H. Orwig*, with them *Phillip B. Linn*, for appellant.—The record evidence is conclusive of the fact that the real estate in suit was partnership property of John Walls, John C. Smith and George W. Walls, within the rule: "That when partners intend to bring real estate into the partnership stock, that intention must be manifested by deed or writing placed on record, that creditors and purchasers may not be deceived: " Hale v. Henrie, 2 Watts, 143; Jaques v. Weeks, 7 Watts, 267; Epley v. Witherow, 7 Watts, 167; Hood v. Fahnestock, 1 Pa. 470; Lancaster Bank v. Myley, 13 Pa. 550; Harper v. Farmers' & Mechanics' Bank, 7 W. & S. 209; Lefevre's App., 69 Pa. 122; May v. Troutman, 4 Pa. Superior Ct. 42.

*Andrew A. Leiser*, with him *Joseph C. Bucher*, for appellee.— The proofs show that by deed of May 18, 1850, Thomas Howard and wife conveyed the premises in dispute to John Walls and Johnson Walls as tenants in common.

That by deed of August 17, 1859, John Walls and Johnson Walls and wife conveyed this same property to John Walls, John C. Smith and William M. Van Valzah as tenants in common.

That by deed of July 19, 1864, William M. Van Valzah and wife conveyed all their right and title (an undivided one-third interest), in and to said property to "John Walls and John C. Smith, partners, trading under the name of Walls & Smith."

That the partnership of Walls & Smith was dissolved on November 16, 1864, and a new firm formed, composed of John Walls, John C. Smith and George W. Walls, under the firm name of Walls, Smith & Company.

That by deed of November 16, 1864, John Walls and wife and John C. Smith and wife conveyed the undivided one-ninth part of the property in dispute to George W. Walls as tenant in common.

No deed or title into the firm of Walls, Smith & Company was proved, nor was there proof of any agreement by and between the persons composing that firm, in writing and on record, by which this property was made part of the partnership stock. No partnership funds went into the purchase of this property. The contest is not between partners, but between creditors of the firm on the one side and creditors of the individuals who composed the firm, on the other.

Under these facts, uncontradicted and indisputable, it is submitted that the title to this property was in John Walls, John C. Smith and George W. Walls, as tenants in common and not as partners. This is established by the uninterrupted current of authority running from McDermont v. Laurence, 7 Serg. & Rawle, 438, down to Stover v. Stover, 180 Pa. 425. See Hale v. Henrie, 2 Watts, 143, Lancaster Bank v. Myley, 13 Pa. 543, Ridgway, Budd & Co.'s App., 15 Pa. 177, Erwin's App., 39 Pa. 535, McCormick's App., 57 Pa 54, Grubb's App., 66 Pa. 117, Lefevre's App., 69 Pa. 122, Ebbert's App., 70 Pa. 79, Appeal of Second National Bank of Titusville, 83 Pa. 203, Geddes's App., 84 Pa. 482, Holt's App., 98 Pa. 257, Kepler v. Erie Dime Savings & Loan Co., 101 Pa. 602, Shafer's App., 106 Pa. 49, Warriner v. Mitchell, 128 Pa. 153, and Stover v. Stover, 180 Pa. 425.

The use of property for firm purposes does not per se make it firm property: Hale v. Henrie, 2 Watts, 143; McCormick's App., 57 Pa. 54; Second Nat. Bank of Titusville's App., 83 Pa. 203; Holt's App., 98 Pa. 257; Gunnison v. Loan Co., 157 Pa. 303; Shafer's App., 106 Pa. 49; Grubb's App., 66 Pa. 117.

OPINION BY MR. JUSTICE MCCOLLUM, October 8, 1900:

This is an action of ejectment in which the plaintiff claims to have the right of possession or title to a certain half lot of ground situate in the borough of Lewisburg, in the county of Union and state of Pennsylvania. He bases his claim on his purchase at a sheriff's sale, of the half lot which he alleges was held by Walls, Smith & Company as partnership property. The partnership of Walls, Smith & Company was dissolved by the

death of John Walls on June 5, 1891, and was then insolvent. The creditors of the firm obtained judgments against John C. Smith and G. W. Walls, surviving partners of Walls, Smith & Company, on their respective claims. Executions were issued on these judgments and levied upon the half lot which was sold by the sheriff to the plaintiff who received from him a deed of it in September, 1895. It appears that previous to the sale of the half lot to the plaintiff the Union National Bank obtained judgments against John C. Smith, George W. Walls and Isaac A. Kline, surviving partners of Walls, Smith & Walls, issued executions thereon and levied upon all the right, title and interests of John C. Smith and George W. Walls in the property in dispute, which interests were duly condemned and afterwards sold on a vend. ex. on May 11, 1895, to John W. Bucher, and was followed by a deed from the sheriff to the purchaser. These interests were sold as separate or individual interests and not as partnership property. It will thus be seen that the plaintiff claims title through John Walls, John C. Smith and George W. Walls, as copartners trading as Walls, Smith & Company, and the defendants claim through John Walls, John C. Smith and George W. Walls as individuals and tenants in common. Recourse to and a careful examination of the several deeds introduced on the trial by the parties to the suit has failed to convince us that Walls, Smith & Company held the half lot as partnership property. On the contrary the examination aforesaid, followed by a review of the long line of cases which pertain to the subject under consideration, has satisfied us that John Walls, John C. Smith and George W. Walls held it as tenants in common.

The twenty-six assignments of error occupying twenty-five pages in the paper-book of the plaintiff may be considered in their order. The assignments, from the first to the ninth inclusive, complain of error in overruling the plaintiff's objections to the defendants' offers in evidence of certain deeds, writs of scire facias, a certain judgment and execution against Walls, Smith & Company, a sheriff's deed to John W. Bucher, and to show how the money, arising from the sale of the half lot to Bucher was appropriated. Upon a careful consideration of these assignments we find no error. The next assignments, from the tenth to the fifteenth inclusive, complain of the excerpts

from the charge and the answers to the plaintiff's first, third, fourth, eighth and ninth points. The remaining assignments relate to the answers to eleven points submitted by the defendants, which points were affirmed without qualification. We have carefully examined all of the assignments and the answers to them, and our conclusion is that no valid cause is shown for a reversal of the judgment. We therefore dismiss all the assignments.

Judgment affirmed.