## Zucaro *v.* Pepe, Appellant.

Argued January 6, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Thomas J. Lanshe,* for appellant.—One of the two suits should be dismissed to prevent multiplicity of litigation.

While ordinarily the second bill should be dismissed when there are two relating to the same subject-matter and question, yet if there are any additional reasons for dismissing one of the bills to clarify the situation, the court may permit the second bill to stand and dismiss the first bill.

Legal title as tenants-in-common did not warrant partition in equity.

The court was not warranted from the evidence in finding against the advancement: Phillips v. Gregg, 10 Watts 158; Kern v. Howell, 180 Pa. 315; Wheeler v. Kidder, 105 Pa. 270; Robert's App., 85 Pa. 84; Dennison v. Goehring, 7 Pa. 175.

Partnership's existence was not proved.

Plaintiff set up defendant in business and was not his partner: Robert's App., 85 Pa. 84.

*C. James Todaro,* for appellee.

Opinion by Mr. Justice Sadler, January 27, 1930:

Zucaro, plaintiff, and the father-in-law of Pepe, defendant, suggested that the latter sell the house in which he resided, and join with him in acquiring a building at a new location, suitable for a home and the conduct of some business as well, which Pepe should manage, and thus be enabled to earn a livelihood. This plan was adopted, and defendant disposed of his property, thereby releasing 15 shares of building and loan stock, upon which a loan had been obtained, and received $1,881 in cash. Zucaro consented to join in the new purchase, and to furnish one-half of the price, becoming a joint owner of the real estate selected. The consideration required was raised in part by placing a mortgage secured by 30 shares of building and loan stock, of which each party owned 15. The balance was contributed in cash by the two in equal proportions, and a deed was made to them as tenants-in-common. The building so bought was altered to adapt it for business purposes, at the joint cost of the two interested.

Later, they agreed to conduct a grocery store therein, under the firm name of Zucaro & Pepe, so designated by a sign on the window. The newly formed partnership opened a bank account in the Federal Trust Company with funds furnished in like proportions by each, upon which checks signed by both were drawn. Pepe agreed to manage the business, and, in return, was permitted to use, rent free, the portion of the building not devoted to business purposes, and was also entitled to one-half the profits, if any. Zucaro assisted in the purchase of goods, and, at times, lent one of his general employees to act as clerk. Later, differences arose between the parties, and the proceedings now before us on appeal were instituted.

On November 27, 1928, Zucaro filed a bill in Common Pleas No. 4 of Philadelphia County, asking for par-

tition of the real estate which was held with Pepe as tenants-in-common. An answer was filed denying the existence of this relationship, the defendant setting forth as new matter that the purchase money supplied by plaintiff, and the 15 shares of stock used, with a like amount owned by himself, to secure the mortgage, the proceeds of which furnished part of the consideration, constituted an advancement or gift, made because of Zucaro's desire to aid the defendant and his wife, and that the father-in-law merely held title as trustee for him. A decree pro confesso for want of an answer to the defendant's averments, was entered, but this was later stricken off as improper and without legal justification, and a replication, denying any such understanding as asserted, was filed.

On December 27, 1928, Zucaro presented a second complaint in Common Pleas No. 1, asking that the partnership in the grocery store be dissolved, and defendant be compelled to account as manager. Pepe, in his reply, denied the formation of any firm, claiming the business as his own, setting forth again that the funds supplied were gifts by the father-in-law. A motion to dismiss the second bill as antagonistic to the first was properly overruled, since one asked division of the real estate and the other settlement of the joint undertaking to conduct the store. As the same questions of fact were involved in both proceedings, plaintiff moved that the partnership bill be transferred to No. 4, and be there tried with the pending partition proceeding, and this was ordered.

The first testimony taken was in support of a demand by plaintiff that a receiver pendente lite be appointed for the partnership, but the court denied this application. Thereafter, a hearing on the merits of the two bills was had. The testimony already taken in support of the interlocutory motion, above referred to, was considered, by agreement, and defendant offered evidence in support of his contention. This proof was replied to by additional witnesses called for plaintiff, and the new

testimony was further answered by rebuttal on behalf of defendant. Facts and conclusions of law were found by the trial judge separately in each case, and decrees in both, subsequently approved by the court in banc, entered for plaintiff. The defendant has filed two appeals from the final orders made.

The record plainly discloses that the real estate in question was purchased by the parties as tenants-in-common, and the grantees were so designated in the deed. Each supplied one-half of the consideration. The trial court found, on ample testimony, that there was no gift or advancement by Zucaro of his share for the benefit of Pepe, and that the former did not hold one-half the land in trust for the latter. It also concluded that the real estate did not belong to the partnership, since it was not conveyed to the firm, or purchased with its assets: Act March 26, 1915, P. L. 18, section 8. Nor did defendant contend it was to be treated as such an asset, but rested his defense on the assertion that Zucaro had advanced one-half the cost as a gift for his benefit. The deed designated the two as tenants-in-common, and the mere fact that the firm's business, in which both were interested, was carried on in part of the building, did not make it partnership property: Hale v. Henrie, 2 Watts 143; Pontius v. Walls, 197 Pa. 223. The defendant wholly failed to establish his contention that Zucaro held the one-half in trust for him. In view of the proofs, partition was properly awarded.

The judgment referred to is the subject of review here (Act April 5, 1842, P. L. 230, section 15), but the second order, based on the bill transferred from Court No. 1, asking for a dissolution of the partnership and an accounting, stands on a different footing. Though the parties and evidence before the court were the same, and, in both cases, the relief asked by the plaintiff, based on like findings of fact, was directed, yet the decrees are separate and distinct, and must be so considered by us on appeal. In the partition proceeding, the court has

certified that the amount in controversy exceeds $2,500, and jurisdiction to review in this court therefore exists. In the transferred case, dealing with the firm transactions, such certificate was, however, refused, and the matter is therefore not cognizable here. This was held where the jurisdictional amount was fixed at $1,500 (Act May 5, 1899, P. L. 248, section 4; Matthews v. Rising, 194 Pa. 217), and the same principle applies since it has been increased: Act March 2, 1923, P. L. 3. In passing on the statutory right to consider this case, we are not aided by the Act of June 13, 1911, P. L. 889, which regulates appeals from distribution, and provides that if one claim is reviewable by the Supreme Court, others, based on the same order, though involving less than $2,500, shall also be considered by it. Here, we have two distinct decrees in different proceedings, and as to the second the Superior Court alone has jurisdiction. Though it would be desirable to dispose of both cases at this time, and thus eliminate the necessity of a further hearing by the Superior Court, yet we are without power to so proceed.

The decree to No. 348, January Term, 1929, is affirmed at the cost of appellant. It is ordered that the appeal in No. 349, January Term, 1929, be remitted to the Superior Court for hearing and determination; the costs to be paid as it may finally direct.